COMMONWEALTH *vs*. A. EMILE THEBERGE.

Bristol.   October 28, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Motor Vehicle.  Municipal Corporations.  License.  Way*, Public: State highway.

A town which has accepted St. 1916, c. 293, giving authority to license motor
vehicles carrying passengers for hire, may pass a regulation requiring a license
fee and a deposit of security by bond or otherwise with the town treasurer
for "jitneys" which pass through the town without taking on or letting off
passengers there as well as for vehicles whose "fixed and regular termini" are
within the town limits.

In such a regulation a nominal license charge of $1 is a fee and not a tax on
property.

In such a regulation the requirement of the deposit with the town treasurer of
a bond in the penal sum of $2,500 is not unreasonable.

The Commonwealth, which has power to regulate the use of the State highways,
can delegate the administration of such powers to cities and towns which under
St. 1917, c. 344, Part I, §§ 17, 21, contribute toward the repair and mainte-
nance of the State highways and are given police jurisdiction over them.

COMPLAINT, received and sworn to in the Third District Court
of Bristol on July 14, 1917, charging that the defendant at Dart-
mouth on June 30, 1917, did unlawfully engage in the business of
transporting passengers for hire through the town of Dartmouth
by means of a certain motor vehicle, without first having ob-
tained from the selectmen of said town of Dartmouth a license
for said vehicle.

In the Superior Court the defendant was tried before *Ray-
mond*, J., upon an agreed statement of facts, containing the facts
that are stated in the opinion.  The defendant asked the judge to
rule, "that the defendant cannot be convicted upon the agreed
facts."  The judge refused to make this ruling, and the jury re-
turned a verdict of guilty.  At the request of the defendant the
judge reported the case to this court for determination of the
question raised by his refusal to make the ruling requested.

St. 1916, c. 293, is as follows:

"Section 1.  Cities and towns shall have authority to license
and regulate the transportation of passengers for hire as a busi-
ness between fixed and regular termini by means of any motor

vehicle, except the trackless trolley vehicle, so called, not running on tracks or rails, and may impose reasonable license fees, make regulations for the operation of such vehicles within their own limits, and imposing suitable penalties for the violation of such regulations: provided, however, that no such motor vehicle shall be operated as aforesaid until the licensee of the vehicle, in addition to complying with all regulations of the city or town in which the vehicle is to be operated, shall have deposited with the treasurer of any city or town in which a license has been taken out, security by bond or otherwise, approved by the city or town treasurer, in such sum as the city or town may reasonably require, conditioned to pay any final judgment obtained against the principàl named in the bond for any injury to person or property, or damage for causing the death of any person, by reason of any negligent or unlawful act on the part of the principal named in said bond, his or its agents, employees or drivers, in the use or operation of any such vehicle. Any person so injured or damaged may sue on the bond in the name of the city or town treasurer, and damages so recovered shall go to the person injured or damaged.

"Section 2. Nothing in this act shall be construed as requiring the licensee to file more than one bond, which shall be filed in any city or town in which a license has been taken out.

"Section 3. This act shall take full effect in cities upon its acceptance by the city council, and in towns upon its acceptance by the voters of the town at any duly called town meeting. For the purpose of submitting this act to cities and to towns, it shall take effect upon its passage."

St. 1917, c. 344, Part I, §§ 17 and 21, are as follows:

"Section 17. A city or town in which a State highway lies shall at its own expense keep such highway sufficiently clear of snow and ice to be reasonably safe for travel. It shall have police jurisdiction over all State highways within its limits, and shall forthwith give notice in writing to the commission or its employees of any defect or want of repair in such highways; but it may make necessary temporary repairs of a State highway without the approval of the commission."

"Section 21. Said commission shall annually, in January, certify to the Treasurer and Receiver General the amount of ex-

penditures for repair of State highways in each city and town during the preceding year. One half the amount of such expenditures, not exceeding fifty dollars a mile in towns with a valuation of less than one million dollars, and not exceeding one hundred dollars a mile in towns with a valuation of one million dollars and less than two million dollars, not exceeding two hundred dollars a mile in towns with a valuation of two million dollars and less than five million dollars, and in cities and towns with a valuation of over five million dollars the said one half of such expenditures, not exceeding two thousand dollars a mile in the aggregate and not exceeding five hundred dollars a mile in any one year, shall be made a part of the State tax for such cities and towns, respectively, and any balance due may be made a part of the State tax in the succeeding three years; but when such expenditures exceed one thousand dollars a mile in any one year on any particular mile of road, the amount to be collected on account of such expenditures shall be computed only for the number of miles actually so improved. Said expenditures shall include all moneys expended for the above purpose from whatever source received, and when collected shall be available for use for repair and maintenance of State highways in addition to any other money that may be available therefor. If a city or town elects to make such repairs upon terms and prices agreed upon by it and said commission and under the direction of said commission, the commission shall repay to it, from the annual appropriation for State highways, the amount expended therefor in excess of the amount which such city or town is required to repay under this section."

The case was submitted on briefs.

*D. R. Radovsky,* for the defendant.

*J. T. Kenney,* District Attorney, & *G. H. Potter,* for the Commonwealth.

DE COURCY, J. In June, 1917, the town of Dartmouth duly accepted St. 1916, c. 293, which authorizes the licensing by cities and towns of motor vehicles carrying passengers for hire; and adopted regulations thereunder, § 1 of which is as follows:

"No person shall engage in the business of transporting passengers for hire within or through the Town of Dartmouth by means of any motor vehicle without first obtaining from the

selectmen a license for each vehicle and the fee for such license shall be one dollar per annum; provided, however, that no such motor vehicle shall be operated as aforesaid until the licensee of the vehicle shall have deposited with the town treasurer security, as provided by law, by bond or otherwise in the sum of twenty-five hundred dollars."

It appears from the agreed facts that on June 30, 1917, the defendant was the owner and operator of a "jitney," and carried passengers for hire between the cities of New Bedford and Fall River, running regularly. On his trips over the State highway he passed through the towns of Dartmouth and Westport, which lie between those cities, but did not solicit trade, nor take on nor let off passengers, within those towns. He had been granted a license to operate a "jitney" in New Bedford and in Fall River, but neither city had accepted St. 1916, c. 293. He had not been licensed in the town of Dartmouth; and this complaint is for violation of the above regulation of that town. The trial judge refused to rule "that the defendant cannot be convicted upon the agreed facts;" and, after a verdict of guilty, reported the case to this court.

The facts unquestionably bring the defendant within the language of the regulation under consideration. His contention is that the regulation is invalid. The constitutionality of the statute, (St. 1916, c. 293,) conferring upon cities and towns the power to license and regulate the transportation by motor vehicles of passengers for hire, is no longer open to question. *Commonwealth* v. *Slocum*, 230 Mass. 180, and cases cited. The only new element in the present case is the application of the by-law to persons transporting passengers for hire through the town, and not merely within it. Ordinarily municipalities, in regulating motor vehicles which run "between fixed and regular termini," will deal mostly with "jitneys" doing a local business. But § 2 of the statute provides that, "nothing in this act shall be construed as requiring the licensee to file more than one bond, which shall be filed in any city or town in which a license has been taken out;" and § 1 expressly limits the authority of the municipalities to the operation of such vehicles "within their own limits." It seems to us that the necessary implication from this language is, that the Legislature intended to make "jitneys" which pass

through a town amenable to control, as well as those whose "fixed and regular termini" are within the municipality. Even under the earlier statute (R. L. c. 25, § 24) authorizing the regulation by cities and towns of "carriages and vehicles used therein," it seems to have been taken for granted that the ordinances were applicable alike to those doing an interurban and those doing a local business. *Commonwealth* v. *Beck*, 194 Mass. 14. *Commonwealth* v. *Mulhall*, 162 Mass. 496. One purpose of the statute, if not the main one, was the protection from injury of persons properly using the public ways; and the Legislature well may have considered that one frequent and serious cause of danger is the reckless or careless automobilist rushing through country towns. The town did not exceed the power given to it by the statute in adopting the regulation in question.

Nor can the regulation be condemned as an unreasonable exercise of the power delegated. No discrimination is made against non-residents. The nominal license charge of $1 is a fee, and not a tax on property. The bond of $2,500 cannot be condemned as unreasonable in amount, in view of the fact that it is designed to furnish security for injuries to person or property, or damages for death, caused by the negligent or unlawful act of the principal named in the bond or his agents or servants. *Commonwealth* v. *Page*, 155 Mass. 227.

There is nothing in the defendant's contention that the regulation is in violation of St. 1909, c. 534, § 17. It does not exclude motor vehicles from any State highway, but merely regulates their operation and use. And the Commonwealth, which has power to regulate the use of the State highways, can delegate the administration of such powers to cities and towns which contribute toward their repair and maintenance and are given police jurisdiction over them. St. 1917, c. 344, Part I, §§ 17, 21. *Commonwealth* v. *Kingsbury*, 199 Mass. 542. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443.

*Verdict to stand.*