[Civil No. 1580.   Filed December 14, 1918.]

[176 Pac. 570.]

WILLIAM TRUAX and WILLIAM A. TRUAX, Copartners Doing Business Under the Firm Name and Style of WILLIAM TRUAX, Appellants, v. MICHAEL CORRIGAN, ALBERT SHIPP, CHARLES BROOKS, EDWARD FAUNTLEROY, MICHAEL GREGOVICH, JOHN DOE, RICHARD ROE, BISBEE LOCAL No. 380, COOKS' AND WAITERS' UNION, and WARREN DISTRICT TRADES ASSEMBLY, Appellees.

CONSTITUTIONAL LAW—INJUNCTION—DUE PROCESS OF LAW—EQUAL PROTECTION OF LAW—INJUNCTION AGAINST PICKETING.—Civil Code of Arizona of 1913, paragraph 1464, authorizing injunction in case between employer and employee only when necessary to prevent injury to property right for which there is no adequate remedy at law, does not deny to employers, seeking injunction to restrain picketing, equal protection of law, or deprive them of property without due process of law, under Constitution of the United States, Amendment 14; such statute not forbidding injunction to restrain unlawful acts, but merely

throwing burden upon employer to prove that the picketing sought to be restrained is unlawful.

[As to the unlawfulness of intimidation and picketing, see note in **61 Am. St. Rep.** 709.]

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellees are charged in the complaint with organizing a strike against the appellants' English Kitchen Restaurant in Bisbee, and with promoting the said strike by causing pickets to patrol the streets in front of appellants' said place of business, carrying banners and passing handbills and loud talking, thereby informing the sympathizers with organized labor and the public at large of the existence of the said strike, with the purpose of inducing, by recommending, advising, and persuading or attempting to persuade, plaintiffs' customers and patrons and all other persons to cease and refrain from patronizing or trading with plaintiffs in their said restaurant. Injunctive relief is demanded. The strike involved and the means used by the defendants to effect the purpose of the strike are identical with the facts set forth in *Truax et al.* v. *Bisbee Local No. 380, Cooks' and Waiters' Union et al.*, 19 Ariz. 379, 171 Pac. 121, decided March 5, 1918. The defendants demurred to the complaint. The demurrer was sustained, and, the plaintiffs electing to stand upon their complaint, the defendants had judgment.

Mr. Alexander Murry and Mr. Clifton Mathews, for Appellants.

Mr. W. B. Cleary, for Appellees.

CUNNINGHAM, C. J. (After Stating the Facts as Above). This action is founded upon the identical facts upon which the case of *Truax et al.* v. *Bisbee Local No. 380, Cooks' and Waiters' Union* (decided March 5, 1918), 19 Ariz. 379, 171 Pac. 121, was founded, and, while the parties defendant are slightly different, the cases are not otherwise materially different. The questions presented in this record were necessarily decided by this court in the former hearing of the matter. In this appeal, the appellants have confined their

contentions of error to constitutional questions, solely rely-
ing upon the alleged conflict of paragraph 1464, Revised
Statutes of Arizona of 1913, with the Fourteenth Amend-
ment to the United States Constitution, in the particulars
that said statute deprives the plaintiffs of property without
due process of law, and denies to the plaintiff the equal
protection of the law.

The appellants in their brief frankly state that ''the sole
question here presented is as to the constitutionality of para-
graph 1464 of the Civil Code of Arizona of 1913.'' The im-
portance of the question excuses a further discussion of the
matters at this time, although a further discussion, in the
light of the former decision, seems wholly unnecessary.

The purpose of the action, the relief demanded, is a re-
straining order or injunction prohibiting the defendants from
attending at or near the plaintiffs' place of business for the
purpose of peaceably communicating the existence of a strike
pending, and of peaceably persuading any person from
patronizing the plaintiffs, or from recommending, advising, or
persuading others so to do. The said statute, if valid, clearly
prohibits the courts from issuing such orders in such cases,
''unless necessary to prevent irreparable injury to property
or to a property right of the party making the application,
for which injury there is no adequate remedy at law, and
such property or property right must be described with par-
ticularity in the application. . . . ''

The complaint is quite clear that the course pursued by the
defendants in advertising the existence of the strike, and
appealing to the public in general to help the defendants win
the strike, has had the effect of reducing the volume of plain-
tiffs' business by causing many persons favorably inclined
to deal with plaintiffs to refrain from doing so. The so-
called boycott was instituted for that very purpose, without
any doubt, and has proven effective. The goodwill of the
public toward plaintiffs was successfully attacked by the de-
fendants, and temporarily limited to those of the public who
were not persuaded by the recommendations, advice and ap-
peals made by the defendants. Without any doubt, goodwill
in any business is a valuable factor to business success, but no
man carrying on any business has a vested property right
in the esteem of the public. If the business man conducts his
business in such manner as to displease his former patrons,

and thereby loses their patronage, such loss is not in any way a loss of property to which the loser has a right. If the cause of the loss of patronage to business is attributable to the peaceable persuasion of another person, can it be said that the business lost thereby was something of value in which the business proprietor had a vested right, and thereby was wrongfully deprived? Clearly, the loss to plaintiffs' business occurred primarily from the fact that plaintiffs refused the offer of the defendants as to the terms and conditions of employment of union members. The plaintiffs had the unquestioned right to adopt any terms and conditions of employment of servants in their business as they might choose. No one has a right to interfere with the private management of a man's business. If he refuses to employ union members, or refuses to pay union wages, and refuses to recognize union conditions of employment, that is his affair altogether, and his rights cannot be interfered with. If any person conducting a business elects to disregard the demands of his employees, and such employees strike for that reason, no right of the employer is violated if the striking employees advertise the cause of the strike. If the publicity given the facts cause a loss, such loss is attributable to the employer and his business methods as the proximate cause of the loss to him. If the employer has a clear legal right to refuse to pay a rate of wages demanded by a labor union for its members, and refuses to allow such members of such union the conditions of employment—hours of work—demanded by the union, which every employer has and must have the right to refuse, then it follows, naturally and logically, such employer may freely and without question by anyone make known to his patrons, customers and the public at large his attitude in the matter, if he desires. Those refused employment because of such attitude of the employer cannot justly complain of the publicity given the dispute by the employer, a party thereto. Why should the employer be heard to question the right of the other party to the dispute to advertise the fact of the unsettled condition of the dispute? If either party to a labor dispute has a right to call upon the courts to restrain the other party to such dispute from advertising the existence of such dispute, then both parties have that right, and the right must necessarily exist, for the reason that either party, employer or employee, owes the duty to the other to keep

secret the fact that a labor dispute is pending. The statute in question clearly does not deprive the employer plaintiffs of any right to require the employees defendants to keep secret the fact that plaintiffs have refused to meet the union's demand of wages and hours of employment. Plaintiffs never had the right to require such secrecy, and the defendants never owed to plaintiffs a duty to keep secret such fact.

The purpose of the statute in question is to recognize the right of workmen on strike to use peaceable means to accomplish the lawful ends for which the strike is called. The statute adopts the view of a number of courts which have held "picketing," if peaceably carried on for a lawful purpose, to be no violation of any legal right of the party whose place of business is "picketed," and whether as a fact the picketing is carried on by peaceful means, as against the other view, taken by the federal courts and many of the state courts, that picketing is *per se* unlawful. The last view is that contended for by the appellant. The contention is that the statute, having attempted to legalize picketing when peaceably carried on for any purpose, deprives plaintiffs of its property without due process of law, and denies to plaintiffs the equal protection of the law. Conceding that prior to the enactment of paragraph 1464, *supra,* the state of the law in this jurisdiction was as contended—that is, that picketing carried on in any manner, in a concededly peaceable manner, was an unlawful act,—as held by a great number of courts— in other words, that picketing naturally induces breaches of the peace, and is therefore unlawful—yet plaintiffs have no vested right to have the law continue in that state. A change in the law, so that, when it is made to appear that peaceable picketing is in fact carried on, and all picketing is no longer conclusively presumed to be unlawful, as recognized by the said statute, that change in the law places the burden upon the plaintiff to show as a fact that defendant violates the law, while the other view presumed that the law was violated, if any manner of picketing was carried on. The statute simply deals with a rule of evidence requiring the courts to substitute evidence of the nature of the act for a presumption of the nature of the act, based upon an inference from the bare act. Hence it is quite clear that the statute recognizes the right of striking employees to carry on a campaign of picketing in furtherance of a strike for a lawful

purpose, provided the means used and the manner in which such means are used are peaceable and otherwise violate no legal rights of the party whose premises are subjected to the picketing, and are not in violation of any duty owing by the striking employees to such party or to the public. In no sense can the statute be considered as one either depriving the plaintiffs of property without due process of law, or denying plaintiffs the equal protection of the law.

The plaintiffs' property rights are not invaded by picketing, unless the picketing interferes with the free conduct of the business by the plaintiffs; and plaintiffs do not claim that defendants have, by using violent means with picketing, invaded their rights in this respect, by causing a loss in business. If such nature of picketing should be charged and established by proof, plaintiffs would be entitled to relief to the extent of prohibiting the use of violence in any form. By the statute the plaintiffs are deprived of an order restraining peaceful, not violent, unlawful acts, and to entitle a plaintiff to an order restraining violent unlawful acts, he is required to set forth facts sufficient to constitute such acts as amount to unlawful acts, and sustain such complaint by substantial evidence. The statute conflicts with neither constitutional provision invoked. The facts stated in the complaint are insufficient to constitute a cause of action or justify the relief demanded. For that reason the court properly sustained the demurrer.

The judgment should be affirmed.

JOHN WILSON ROSS, J., concurs.

HENRY D. ROSS, J., being absent on account of sickness, took no part in the decision of this case.

---

For authorities discussing the question as to law of picketing generally, see notes in 4 **L. R. A. (N. S.)** 302; 50 **L. R. A. (N. S.)** 412.