Robinson, J.
 

 This case involves the validity of certain sections of an ordinance of the city of Cincinnati, regulating the operation of the business of leasing automobiles, to be driven by the lessee upon the public streets of that city.
 

 It is contended that the business is purely private and not impressed with any public character which makes it subject to police regulation.
 

 Concededly, the automobiles are rented on a mileage basis and for operation over the public streets; so that for every mile of travel for which a rental fee is exacted of the lessee a mile of public street has been used in earning such rental fee, and, while the use of the public streets by the lessee has been a use of such streets by a member of the public in the ordinary way, such use by the lessor has been a use for his own gain, just as the use of the streets by street cars, busses and taxicabs is a use by them for their own gain.
 

 While there is a marked difference between the relationship and liability of street cars, busses, and taxicabs to the public and the relationship and liability to the public of the lessor of an automobile to be driven by the lessee, there is no difference in the pecuniary character of their use of the street. The power to classify the users of public streets for gain, such as busses, taxicabs, jitneys, and the like, for the purpose of regulation, has been so uniformly upheld that it has ceased to be a question.
 
 State, ex rel. McBride,
 
 v.
 
 Deckebach, Auditor,
 
 117 Ohio St., 227, 157 N. E., 758;
 
 Fifth Ave. Coach Co.
 
 v.
 
 City of New
 
 
 *293
 

 York,
 
 194 N. Y., 19, 86 N. E., 824, 21 L. R. A. (N. S.), 744, 16 Ann. Cas., 695;
 
 Id.,
 
 221 U. S., 467, 31 S. Ct., 709, 55 L. Ed., 815;
 
 Packard
 
 v.
 
 Banton, Dist. Atty.,
 
 264 U. S., 140, 44 S. Ct., 257, 68 L. Ed., 596;
 
 Pacific Express Co.
 
 v.
 
 Seibert,
 
 (C. C. Mo.), 44 F., 310;
 
 Id.,
 
 142 U. S., 339, 12 S. Ct., 250, 35 L. Ed., 1035.
 

 We do not find it necessary to determine whether the city of Cincinnati derives its power to enact the ordinance in question under the home-rule provision of the Constitution of Ohio, since, if the power he not there conferred, it has been specifically conferred by Section 3632 of the General Code of Ohio, which provides that municipalities shall have the power “to regulate the use of * * * automobiles * * * kept for hire * * V’
 

 The power of the municipality, within its jurisdiction, in reference to regulating the business of leasing automobiles to be driven by the lessee, is as great as that of the state within its jurisdiction.
 

 The plaintiffs are not common carriers. The lessees of plaintiffs are not the agents of the lessors, and the ordinance does not attempt either to make plaintiffs common carriers or to make them responsible for the tortious acts of their lessees, under the doctrine of
 
 respondeat superior.
 
 It does, by appropriate language, undertake to require that the financial responsibility of the lessees of such automobiles, to respond in damage for their own tortious acts in the operation of such automobiles, be guaranteed either by a liability insurance policy, or by a bond; and it imposes upon the lessor of such automobile the burden of securing such policy or bond, and makes the assumption of such burden a condi
 
 *294
 
 tion precedent to the issuing of a license to such lessor to transact such business within the city.
 

 It is a matter of common knowledge that a consciousness of financial responsibility for negligence tends to promote care, and, conversely, that a consciousness of financial irresponsibility tends to promote indifference. The mode of operation of the business of plaintiffs is designed to make use of the public streets in a gainful occupation' without incurring any financial obligation for the manner of use, such as is incurred by both common carriers and owners of automobiles using the streets in the ordinary way.
 

 The evidence in this case discloses that the hazards of insuring leased automobiles, to be driven by the lessee, against liability for injury to persons and property, are such that many insurance companies engaged in the business of writing liability insurance upon automobiles are unwilling to write such insurance, and that the insurance companies that are willing to write such insurance exact a high premium rate. The fact that automobiles of this class are operated by persons who have no ownership in the operated automobiles — and that they operate under a contract which exempts the owner from the application of the doctrine of
 
 respondeat superior,
 
 which operation has been found by the experience of insurance companies and insurance men skilled in the occupation of determining degrees of hazard to be extra hazardous to the public — is quite sufficient to warrant a classification of this character of automobiles, separate from all others, and to warrant a reasonable regulation of the class.
 
 In re Cardinal,
 
 170 Cal., 519, 150 R, 348, L. R. A., 1915F, 850;
 
 *295
 

 People
 
 v.
 
 Martin,
 
 203 App. Div., 423, 197 N. Y. S., 28, affirmed, 235 N. Y., 550, 139 N. E., 730;
 
 City of Dallas
 
 v.
 
 Gill
 
 (Tex. Civ. App., 1917), 199 S. W., 1144;
 
 Hazleton
 
 v.
 
 City of Atlanta,
 
 144 Ga., 775, 87 S. E., 1043;
 
 West
 
 v.
 
 City of Asbury Park,
 
 89 N. J. Law, 402, 99 A., 190;
 
 Commonwealth
 
 v.
 
 Theberge,
 
 231 Mass., 386, 121 N. E., 30;
 
 Huston
 
 v.
 
 City of Des Moines,
 
 176 Iowa, 455, 156 N. W., 883;
 
 State
 
 v.
 
 Seattle Taxicab & Transfer Co.,
 
 90 Wash., 416, 156 P., 837;
 
 Melconian
 
 v.
 
 City of Grand Rapids,
 
 218 Mich., 397, 188 N. W., 521;
 
 Lane
 
 v.
 
 Whitaker,
 
 (D. C.), 275 F., 476, 480;
 
 City of San Antonio
 
 v.
 
 Besteiro,
 
 (Tex. Civ. App., 1919), 209 S. W., 472;
 
 Welch
 
 v.
 
 Harnett,
 
 127 Misc. Rep., 221, 215 N. Y. S., 540;
 
 Packard
 
 v.
 
 Banton, supra;
 
 also note collecting cases, 22 A. L. R., 230.
 

 The police power, in furtherance of public safety, health, and welfare, is coextensive with the public need, and the reasonableness of its exercise must be measured largely by the same standard. The daily toll of life, limb, and property exacted by the operation of automobiles generally upon the public streets and highways proclaims the public need for police regulation of all automobile operation. Because, perchance, the ordinance in question might well have regulated other classes of automobile users, or because, perchance, such regulation might more effectually have been accomplished by state legislation, does not militate against the power to regulate a proper and reasonable class of automobile users, nor against the power of a municipality, expressly conferred, to enter upon an unoccupied field within its own jurisdiction.
 
 Truax
 
 v.
 
 Corrigan,
 
 20 Ariz., 7, 176 P., 570;
 
 Id.,
 
 257 U. S., 312, 42 S. Ct.,
 
 *296
 
 124, 66 L. Ed., 254, 27 A. L. R., 375;
 
 People
 
 v.
 
 Martin, supra; Packard
 
 v.
 
 Banton, supra; Murphy
 
 v.
 
 City of Toledo,
 
 108 Ohio St., 342, 140 N. E., 626.
 

 The fact, if it be a fact, that the peculiar circumstances of the plaintiffs are such that because thereof they have not the ability to comply with the provisions of the ordinance as to bond, does not militate against the validity of the ordinance so long as they have the same opportunity to comply with the ordinance that other members of the class have and the ordinance has for its reasonable purpose the preservation of the public safety, health, and welfare.
 
 Auto Transit Co.
 
 v.
 
 City of Fort Worth,
 
 (Tex. Civ. App.), 182 S. W., 685;
 
 Puget Sound Traction, Light & Power Co.
 
 v.
 
 Grassmeyer,
 
 102 Wash., 482, 173 P., 504, L. R. A., 1918F, 469;
 
 Hadfield
 
 v.
 
 Lundin, Pros. Atty.,
 
 98 Wash., 657, 168 P., 516, L. R. A., 1918B, 909, Ann. Cas., 1918C, 942.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Jones, J., not participating.