Common Pleas Court of Hamilton County.

IRVIN C. MCNESS, A MINOR V. BOHANNAN'S RENT-A-CAR COMPANY.

LESLIE MCNESS V. BOHANNAN'S RENT-A-CAR COMPANY.

Decided December 5, 1931.

*I. L. Huddle* and *Oliver W. Hardin* for plaintiff.

*August A. Rendigs, Jr.,* and *Edward L. Meyer,* for defendant in error.

ALFRED MACK, J.

Each of these cases involves the same question and has been submitted to the Court upon demurrer to the petition.

In each case it is alleged that the defendant is engaged in the business of renting vehicles for hire, same to be operated by the lessee or some other person authorized by said lessee. That defendant leased one of its automobiles to Allen Boyce, and that while such motor vehicle was under his control it was so carelessly operated that the plaintiff was injured by reason of the negligent control of same by said Boyce or his agents or employees. That, thereafter suit was brought by plaintiff in the Court of Common Pleas against said Allen Boyce and one Albert Werner and that a judgment was recovered against them which judgment is wholly unsatisfied and unpaid.

It is further alleged that at the time of the renting of

said motor vehicle by the defendant there was an ordinance of the city of Cincinnati in effect, and Sections 65-7 and 65-11 of such ordinances are set out in full.

In brief, the provisions of the ordinance set forth provide that no license to operate any public vehicle shall be issued, and it shall be unlawful to operate the same or permit such to be operated, unless and until the applicant shall deposit with the city treasurer a policy of insurance from a responsible company providing for indemnity and protection and agreeing to pay within certain limits any judgment rendered by reason of injuries to person or property resulting from the negligent operation of such licensed public vehicle. It is provided that in lieu of said policy of insurance, a bond may be executed.

It is alleged in each case that the defendant herein refused and neglected to comply with the provisions of said ordinance and continued its business contrary to the provisions of the ordinance, and did unlawfully rent to or permit Allen Boyce to operate said motor vehicle over the public streets of Cincinnati. It is further alleged that in compliance with the provisions of the ordinance the plaintiff in each case filed copy of the judgment with the city treasurer and that the defendant has refused and neglected to pay such judgment. As a conclusion, judgment is prayed against the defendant for the amount of the judgment and interest there-on from the date of such judgment was rendered.

Heretofore, the Supreme Court has sustained the validity of such ordinance as a valid exercise of the police power of a municipality to regulate the use of automobiles kept for hire to be driven by the lessee. *Hodge Drive-It-Yourself Company* v. *Cincinnati*, 123 Ohio State, 284.

Said decision maintains the right of one injured in person or property by the operation of a vehicle rented by one who has complied with the provisions of the ordinance in question, to maintain an action to collect from the insurance company, an unsatisfied judgment for such injury arising out of the operation of such rented automobile. However, that decision does not purport to decide the liability of the renter of such automobile for such judgment against the lessee of the motor vehicle in a

case where the renter has failed to comply with the provisions of the ordinance.

No provision of any ordinance covering such matters is pleaded or referred to, nor is there any allegation as to any penalty provided for non-compliance with the provision of the ordinance.

In the absence of such allegation, the court is of opinion that in the instant case no cause of action against the defendant is presented by the petition.

It is unnecessary in the determination of this case to decide what the rights of the plaintiff would be in the event the action in which the judgment were recovered had been filed against defendant as the owner or renter of the automobile.

Plaintiff in each of the instant cases is bound to allege facts which, under common law or under an ordinance or statute, make the renter of the automobile responsible to the plaintiff for a judgment against the operator of the automobile arising out of the operation of the same.

Incidentally, the court adds that although not set forth in the petition there is a provision in the ordinance providing for a penalty for non-compliance with the provisions thereof. This penalty is set forth in the following provision of the ordinance:

"Section 65-47—Any person, firm or corporation, or any owner, agent, employer or driver of a public vehicle who violates any of the provisions of this division, for which no other fine and/or imprisonment is specified, shall be fined not less than five dollars ($5.00) or more than one hundred dollars ($100.00).

Had this provision of the ordinance been set forth in the petition it would not assist the plaintiff, in the opinion of the court. The provision would only show that it was the duty of the city of Cincinnati by fine, or by injunction in the event of continued violation of the ordinance, to have prevented the defendant company from carrying on its business of renting vehicles to be operated over the public streets of Cincinnati.

In the opinion of the court the demurrer to the petition should be sustained in each case.