Stephenson, J.
 

 We will pass upon the charges of error contained in the statement
 
 seriatim.
 

 
 *509
 
 The following map in miniature graphically portrays the course and termini of the route complained of:
 

 The case of
 
 City of Cleveland
 
 v.
 
 Public Utilities Commission,
 
 is not applicable in any wise to the case before us, as the bus line therein involved was wholly within the city of Cleveland.
 

 We fully agree that the jurisdiction of the Public Utilities Commission of Ohio is statutory only, and that the cases cited by plaintiffs in error support such contention beyond all cavil and this is not disputed by any one. It must likewise be conceded that the Motor Transportation Act is included in Sections 614-84 to 614-102», General Code, inclusive, and it is patent that a construction of the last clause of Section 614-86, General Code, determines the question involved in this
 
 *510
 
 case. That clause of Section 614-86, General Code, upon which this case turns, reads as follows:
 

 “* * * no motor transportation company operating under a certificate of convenience and necessity shall carry persons whose complete ride is wholly within the territorial limits of a municipal corporation, or within such limits and the territorial limits of municipal corporations
 
 immediately contiguous
 
 thereto, except with the consent of such municipal corporation or municipal corporations.” (Italics ours.)
 

 It will be noted from the map that the course of this route is northwest. Beginning in the municipal corporation of Bedford, it runs through the municipal corporations of Maple Heights and Garfield Heights, and thence through Cleveland to the Public Square.
 

 Maple Heights, the next adjoining municipal corporation to Bedford on the northwest, is contiguous to Cleveland, as well as Bedford; Garfield Heights is contiguous to Cleveland and Maple Heights, but there is no contiguity between Cleveland and Bedford or between Garfield Heights and Bedford, and for that reason does not come within the exception provided for by the last clause of Section 614-86, General Code.
 

 When the scope and meaning of the words “immediately contiguous” are determined in the light of legislative intent, this case is ended, unless Section 614-86, General Code, runs counter to the Constitution; and we are frank to say we find no unconstitutionality.
 

 Words contained in a legislative enactment are given their plain, usual and ordinarily accepted meaning, unless and until it is made manifest that a different meaning was intended by the enacting body. This proposition is fundamental and needs no citatory authority.
 

 It is well to remember that Section 614-86, General Code, was amended in 1925 (111 Ohio Laws, 19), for the purpose of taking from the Public Utilities Com
 
 *511
 
 mission the power and authority to regulate motor transportation companies where the complete ride is wholly within the limits of a particular municipal corporation, or within such limits and the territorial limits of municipal corporations
 
 immediately
 
 contiguous thereto, except with the consent of such municipal corporation or municipal corporations.
 

 In ascertaining the “plain, usual and ordinary” meaning of the words “immediately” and “contiguous,” we will use the preferential meaning as given in Webster’s International Dictionary, viz:
 

 Immediately — -“Without intermediary; in direct connection or relation.”
 

 Contiguous — “In actual contact; touching.”
 

 'The “immediate” contiguity contemplated by Section 614-86, General Code, does not obtain in this case. We have carefully examined the cases cited and we fail to find in any of the cases any authority for the claim that a transportation route must extend into unincorporated territory before the Public Utilities Commission has jurisdiction over it; but we can understand how a transportation route running through a half dozen or more contiguous but not “immediately contiguous” municipal corporations could be completely emasculated at the whim of one municipal corporation, regardless of how the others felt about it.
 

 We fail to see how the city of Maple Heights is the key municipal corporation in this set-up. True, Maple Heights is immediately contiguous to Bedford and Cleveland, the termini of the route, but Garfield Heights must hot be overlooked, for it is not immediately contiguous to Bedford.
 

 Neither can we find lodgment for the contention that the General Assembly sought to distinguish between suburban and interurban lines when it amended Section 614-84, General Code, in 1925 (111 Ohio Laws, 19).
 

 The Public Utilities Commission had jurisdiction to
 
 *512
 
 make the order complained of herein unless the Constitution of Ohio places a limitation thereon in so far as the city of Cleveland is concerned, by virtue of Sections 3 and 7 of Article XVIII thereof.
 

 It is most evident that the General Assembly since the creation of the Public Utilities Commission of Ohio has subordinated the right of the municipality to regulate transportation lines within its limits to the authority granted the Public Utilities Commission.
 

 A careful reading of Sections 614-86 and 614-98, General Code, eradicates all doubt along this line.
 

 We have examined
 
 Murphy
 
 v.
 
 City of Toledo,
 
 108 Ohio St., 342, 140 N. E., 626;
 
 Hodge Drive-It-Your self Co.
 
 v.
 
 City of Cincinnati,
 
 123 Ohio St., 284, 175 N. E., 196, and
 
 Sylvania Busses, Inc.,
 
 v.
 
 City of Toledo,
 
 118 Ohio St., 187, 160 N. E., 674, and fail to find wherein such rule is in any wise changed.
 

 In the case of
 
 Cleveland, Ry. Co.
 
 v.
 
 Village of North Olmsted, ante,
 
 144, 198 N. E., 41, there was but one question, viz.: The right of the city of Cleveland to regulate an uncertificated bus line operated by the village of Olmstead within the corporate limits of the city of Cleveland.
 

 The decision in the case of
 
 Village of Perrysburg
 
 v.
 
 Ridgway, a Taxpayer,
 
 108 Ohio St., 245, 140 N. E., 595, was disregarded in the case of
 
 City of Nelsonville
 
 v.
 
 Ramsey,
 
 113 Ohio St., 217, 148 N. E., 694, inasmuch as the decision in that case was rendered prior to the enactment of Section 614-86, General Code.
 

 It is further contended by plaintiffs in error that the old service was adequate and that there was no necessity or convenience justifying a certificate for service to the Public Square in Cleveland.
 

 As to these questions, both being questions of fact, this court has many times held that it will not substitute its judgment for that of the Public Utilities Commission and will not disturb its findings unless they
 
 *513
 
 are against the manifest weight of the evidence. There is testimony in the record to support the findings of the Public Utilities Commission on these questions, and they will not be disturbed.
 

 Order affirmed.
 

 Weygandt, C. J., Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.