By the Court.
 

 The principal contention of the appellants is that the Public Utilities Commission has no jurisdiction of this matter for the reason that the portion of the proposed route extending easterly of the territorial limits of University Heights is a sham, and if that portion of the route is excluded from consideration the provisions of Section 614-84
 
 (a)
 
 (2), General Code, preclude the order made by the Public Utilities Commission. The appellants thereby concede that if the extension of the service to Beechwood is not a sham and a fraud, the route covered by the proposed certificate would not be within a group of municipal corporations, each contiguous to some one municipal corporation, and the Public Utilities Commission would have jurisdiction of the route and operation. The record shows that there were perhaps fifty residents living within one-half mile of the part of Beechwood village reached by the proposed bus line, but the record also shows the need of some sort of transportation facilities. In view of the fact that The Cleveland Railway Company has not yet extended, service into the village, it is not in position to say that extension of service by others is a sham and fraud, and the finding of fact by the Public Utilities Commission against the charge of sham and fraud should not be disturbed in the absence of a showing that the find-, ing is manifestly against the weight of the evidence. The motion to dismiss because of lack of jurisdiction was properly overruled upon authority of
 
 City of Cleveland
 
 v.
 
 Public Utilities
 
 Commission, 130 Ohio St., 503, 200 N. E., 765.
 

 It is contended that the examiner was wrong in holding, as he did, that there was no authorized service to the community and that the order of certification
 
 *220
 
 issued by tbe commission was wrong wherein it stated “that there is no existing authorized public transportation company serving* University Heights or Beechwood, Ohio.” The report of the attorney examiner is in part as follows: “The railway company for the past two weeks, since the filing of this application, has been providing free service from University Heights to its eastern terminus in Cleveland Heights and is proposing to extend its1 service to University Heights with a transfer. Protestants’ Exhibit I outlines this proposal. Proposed service has no authority from this commission and no authority is sought, although it is clearly under the jurisdiction of the commission, in that Cleveland and University Heights are not contiguous municipalities.”
 

 It is conceded by The Cleveland Railway Company that it secured the permission of the Mayor of Shaker Heights to operate its temporary bus line into University Heights. Fairmont boulevard runs through Shaker Heights and the shuttle bus in operation at the time of the decision of the commission was connecting-with the Fairmont boulevard street car line at Canterbury road in Cleveland Heights. Under the rule set forth in
 
 City of Cleveland
 
 v.
 
 Public Utilities Commis
 
 sion,
 
 supra,
 
 The Cleveland Railway Company at that time was operating transportation service subject to the jurisdiction of the Public Utilities Commission, since it ran from Cleveland through Cleveland Heights, Shaker Heights and University Heights. It follows from these facts that at the time of the decision the commission was correct when it said there was no “authorized public transportation company serving University Heights or Beechwood.”
 

 It is further contended that at the time of the denial of the application for a rehearing, The Cleveland Railway Company was giving service from Cleveland to University Heights through Cleveland Heights, and
 
 *221
 
 that this service, passing as it did through a single municipality and others immediately contiguous to it, was lawful and should have been so considered at the time of the denial of the application for a rehearing.
 

 The commission at the time of the rehearing again considered all questions previously presented, including the fact that the railway company was negotiating with the village of University Heights for a franchise agreement to furnish the village bus connections to its Cedar avenue line. But it is significant and decisive fact that such plan did not provide service into the village of Beechwood, and further, since the commission had considered in the original application the need for transportation into Cleveland from Beechwood, there does not appear to be any abuse of discretion on the part of the commission in denying the application for rehearing.
 

 Attention is directed to the restrictions expressly imposed by Section 614-86, General Code, as follows:
 
 “* * *
 
 no motor transportation company operating under a certificate of convenience and necessity, shall carry persons whose complete ride is wholly within the -territorial limits of a municipal corporation, or within such limits and the territorial limits of municipal corporations immediately contiguous thereto, except with the consent of such municipal corporation or municipal corporations.”
 

 The question raised’ as to the financial condition of the applicant and the sufficiency of present transportation facilities is purely one of fact and, as1 stated in the case of
 
 City of Cleveland
 
 v.
 
 Public Utilities Commission, supra, “As
 
 to these questions, both being questions of fact, this court has many times held that it will not substitute its judgment for that of the Public Utilities Commission and will not disturb its findings unless they are against the manifest weight of the evidence.” However, the evidence contained in the record amply
 
 *222
 
 sustains the findings and conclusions of the commission in these respects.
 

 Order affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Myers and Gorman, JJ., concur.