By the Couet.
 

 The present controversy involves the interpretation of those portions of Section 614-84, General Code, which read:
 

 “(a) The term ‘motor transportation company,’ or ‘common carrier by motor vehicle,’ when used in this chapter, shall include, and all provisions of law regulating the business of motor transportation, the context thereof notwithstanding, shall apply to every cor
 
 *304
 
 poration, * * * when engaged, or proposing to engage, in the business of transporting persons or property, or both, or of providing or furnishing such transportation service, for hire *
 
 * *
 
 for the public in general, in or by motor propelled vehicles of any kind whatsoever, * * * over any public highway in this
 
 state; provided, however, that the term ‘motor transportation com
 
 pany’
 
 as used in this chapter shall not include any * * * company or corporation,
 
 wherever organized or incorporated: *
 
 * *
 

 “(2)
 
 In so far as they
 
 own, control,
 
 operate
 
 or manage a motor vehicle or
 
 motor vehicles
 
 used for the transportation of persons or property, or both, and
 
 which are operated exclusively within the territorial limits of a municipal corporation, or within such limits and the territorial limits of municipal corporations immediately contiguous thereto * *
 
 *.” (Italics ours.)
 

 It is the contention of the appellants that the motor coach line in question is not subject to the jurisdiction of the Public Utilities Commission since the operation is “exclusively within the territorial limits of a municipal corporation [Cleveland Heights], or within such limits [Cleveland Heights] and the territorial limits of municipal corporations [University Heights and Cleveland] immediately contiguous thereto [Cleveland Heights].”
 

 The appellants maintain that the exemption as expressed by the legislative language applies and the Public Utilities Commission does not have jurisdiction of an operation whenever a route is within a group of municipalities, each contiguous to one — or any one— municipality of the group. It is the position of the appellants that such an exemption is not governed éither (1) by the principal office or main properties of the corporation, (2) by the largest municipal corporation in a group, (3) by the municipal corporation which is a terminus of a motor bus line, (4) by the fact that every municipal corporation in the group is not con
 
 *305
 
 tiguous to every other municipality therein, (5) by contiguity “on the route,” or (6) by whether the transportation company has franchises from the municipalities, although in tjie present proceeding it is stipulated they have so consented.
 

 Counsel for the commission insist that this court rejected the same propositions when advanced by appellants in the two cases entitled
 
 City of Cleveland
 
 v.
 
 Public Utilities Commission,
 
 130 Ohio St., 503, 200 N. E., 765 (the
 
 Bedford case),
 
 and 134 Ohio St., 216, 16 N. E. (2d), 339 (the
 
 Beechwood case).
 
 It is the position of the appellee that the word “immediately” is controlling and that in ascertaining contiguity Cleveland is the key city and not Cleveland Heights. It is the claim of the commission that in the case at bar Cleveland is the basis of municipal exemption and that immediate contiguity of the municipalities is determined with reference to that point and not to the city or village which by coincidence happens to be in the center of a particular motor bus operation.
 

 In the so-called
 
 Bedford case, supra,
 
 this court had before it an appeal by The Cleveland Railway Company and the city of Cleveland challenging the jurisdiction of the commission to certificate a motor bus operation through the municipalities of Cleveland, Garfield Heights, Maple Heights and Bedford. Stated in an inverse order, this court in the syllabus (1) upheld the constitutional authority of the commission to grant the certificate and fix the terminus in the city of Cleveland without its consent, (2) declared the policy of subordinating the rights of municipalities to regulate motor transportation to the authority granted the commission and (3) affirmed the action of the commission in granting the certificate without the consent of the municipal corporations as they were not all immediately contiguous, the non-contiguity of Bedford and Cleveland being specifically referred to in the syllabus.
 

 In the so-called
 
 Beechwood case, supra,
 
 the principal
 
 *306
 
 contention revolved around whether the extension of the motor hus route eastward from University Heights was a sham and it was conceded that the commission would have jurisdiction if the' route extended through Cleveland, Cleveland Heights, University Heights and into Beechwood. This court sustained the jurisdiction of the commission over the operation.
 

 In the
 
 Bedford
 
 and
 
 Beechwood cases
 
 this court had under consideration the question of certification of operations between four municipalities. We now have before us an operation between only three municipalities. The reasoning applied to sustain the authority of the commission in those two proceedings applies with equal force in the present, proceeding to exempt the operation here involved.
 

 Since the commission did not have jurisdiction, its order is reversed.
 
 ,
 

 ^
 
 Order reversed.
 

 Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.