187 P.2d 947

### WHITFIELD et al. v. CITY BUS LINES, Inc., et al.

### No. 5034.

Supreme Court of New Mexico.

Dec. 9, 1947.

George A. Shipley, of Alamogordo, and Donovan Hoover, of Santa Fe, for appellants.

J. B. Newell and Edwin Mechem, both of Las Cruces, Bert Newland, of Deming, and H. A. Kiker, of Santa Fe, for appellees.

C. C. McCulloh, Atty. Gen., and Robert V. Wollard, Asst. Atty. Gen., amici curiae.

PER CURIAM.

Upon consideration of appellees' motion for rehearing, we have withdrawn the original opinion and substituted the following as the opinion of the court.

COMPTON, Justice.

Appellants and others instituted this proceeding to restrain appellees from unlawfully engaging in the business of transporting passengers for hire over routes covered by appellants. From an adverse judgment

appellants W. E. Whitfield, Jr., Hugh C. Whitfield and Mary E. Whitfield, individually and as joint executors of the estate of W. E. Whitfield, deceased, bring this appeal.

Appellants asserted that they were operating local passenger service by means of motor busses between Las Cruces, State College, Mesilla Park and Mesilla, in Dona Ana County over U. S. Highway 80 and State Road 28, under authority of a certificate of public convenience and necessity issued to them by the State Corporation Commission of New Mexico. They further allege *as a fact* that appellees, without a certificate of convenience and necessity, wrongfully and unlawfully, *and in violation of the rights of appellants,* operated busses and motor vehicles, in the transportation of passengers for hire, over highways and routes and between points covered by the schedules and transportation business of appellants, and "that the defendants in the operation of said vehicles, as aforesaid, are engaged in the business of 'Common Motor Carrier' as defined by the New Mexico Motor Carrier Act."

By a general denial, issue was joined. At the conclusion of the trial the court made its findings of fact and conclusions of law, except those deemed unnecessary to a decision, as follows:

"1. The plaintiffs W. E. Whitfield, Jr., Hugh C. Whitfield and Mary E. Whitfield, individually and as joint executors of the estate of W. E. Whitfield, deceased, at all times material were and now are engaged in the transportation business under the style of 'W. E. Whitfield and Sons,' and in the operation of said business are the holders of a certificate of Public Convenience and Necessity, duly issued by the State Corporation Commission of the State of New Mexico, authorizing the transportation of passengers for hire between Las .Cruces in Dona Ana County, New Mexico, and Mesilla (commonly known as Old Mesilla), Mesilla Park, and State College, all in said county, over U. S. Highway No. 80, State Road No. 28 and State College Road."

"2. At all of the times material hereto the said W. E. Whitfield and Sons have been and now are engaged in the business of transporting passengers for hire to and fro between Las Cruces, Mesilla (commonly known as Old Mesilla), Mesilla Park and State College, all in Dona Ana County, New Mexico, by means of motor buses."

"4. The defendants, C. G. Newland, Jesse B. Lydick and Robert Y. McMillin, at all of the times material hereto, since about the 3rd of September, 1946 and until restrained from so doing, by preliminary injunction herein, have been engaged in the transportation of passengers for hire, under the style of 'City Bus Lines,' by means of motor vehicles or motor buses, to and fro between Las Cruces, Mesilla, (commonly

known as Old Mesilla), Mesilla Park and State College, all in Dona Ana County, New Mexico, over U. S. Highway 80, State Road No. 28 and State College Road. The said roads and highway are public highways of the State of New Mexico."

"5. The defendants Newland, Lydick and McMillin have not been granted Certificate of Public Convenience and Necessity by the Corporation Commission of New Mexico and are not holders nor in possession of any Certificate of Public Convenience and Necessity authorizing them or permitting them to transport passengers for hire over the public highways of the State of New Mexico between Las Cruces, Mesilla Park and State College."

"10. That at the time of the institution of this suit and prior thereto the defendants, Jesse B. Lydick, C. G. Newland and Robert Y. McMillin, were engaged in operating passenger buses for hire over a route lying partly within the City of Las Cruces and partly within the area adjacent thereto, including Mesilla, Mesilla Park and State College.

"11. That said route covered 91,787 feet, of which distance 50,479 feet were within the corporate limits of the City of Las Cruces, and 41,308 feet were outside the City limits.

"12. That said route is a fixed route, the operation of the same being confined to certain designated streets in the City and certain designated roads and highways outside the City."

and then concluded as law:

"2. The plaintiffs, Whitfield and Sons, are lawfully engaged in the business of operating a common motor carrier to and fro between the points of Las Cruces, Mesilla, (commonly known as Old Mesilla), Mesilla Park and State College, in Dona Ana County, New Mexico, over U. S. Highway 80, State Road No. 28 and State College Road, under authority of a certificate of Public Convenience and Necessity issued by the State Corporation Commission of New Mexico."

"4. That the operation of the defendants come within Exemption (f) Section 68-1325, N.M. Statutes, 1941 Annotated."

"5. That plaintiffs are not entitled to the relief sought in their Complaint, and that the preliminary injunction heretofore issued in this cause should be dissolved and this cause should be dismissed."

Appellants urged twelve assignments of error, which they argue under the following points:

"1. By failing to plead affirmatively the facts relied upon as relieving them from the necessity of complying with the provisions of the 'New Mexico Motor Carriers' Act,' Chapter 154 of the Laws of 1933, as amended, the defendants thereby waived this defense."

"2. The accumulated distances traveled by the defendants' buses over several fixed routes within the corporate limits of Las Cruces cannot be used as a basis for exempting the defendants from the provisions of the New Mexico Motor Carriers' Act."

The evidence shows that appellees, under a franchise from the City of Las Cruces, New Mexico, commenced their daily operation at 7:00 A.M., at a point in the northwest part of the City of Las Cruces, proceeding therefrom in a southeasterly direction to the intersection of Griggs and Main Street, near the center of the city, thence south and southwesterly to State College; then reversing the route in a northwesterly direction to Main Street; thence north on Main to the intersection of Las Cruces Avenue and Main Street; thence east on Las Cruces Avenue to Church Street; thence south on Church Street, several blocks, then making a circular loop to the left; thence northerly to the northeast part of the city; thence south to Las Cruces Avenue; thence west to the intersection of Main Street; thence south to the city limits, and southeasterly to Mesilla; thence south and westerly to Mesilla Park; thence northerly to the city limits; thence north on Main Street passing Las Cruces Avenue; thence northerly and westerly to the point of beginning. Other busses commence operation at different points on the route, so as to enable appellees to furnish service to its passengers at thirty-minute intervals, from 7:00 A.M., to 11:00 P.M. Each bus covers the entire route throughout the daily operation.

It is therefore, claimed by appellees that they come within the exemption provision of the act which reads as follows:

"68-1325. Exemptions.—Neither this act nor any provisions hereof shall apply or be construed to apply to any of the following:

"* * * (f) Busses traveling a *fixed route,* the greater portion of which lies within the boundaries of any one (1) city." (Emphasis ours)

It is first contended by appellants that the defense of operating under a franchise from the city cannot be raised because this defense was not specifically pleaded; that such defense in effect, is one of confession and avoidance, and they cite Moore v. Dresden Investment Company, 162 Wash. 289, 298 P. 465, 77 A.L.R. 1258, 1271, and 41 Am.Jur. Par. 158–160, as supporting their position.

We are in accord with the rule announced by appellants that when an exception is included and forms a necessary part of the enacting clause of a statute, the party relying theron must negative the exception; but where an exception appears in a subsequent section or division, or appears in another statute, it is unnecessary to do so, such being matters of defense to be raised by the opposite party. Authorities support-

ing this rule are assembled in annotations in 130 A.L.R. 440 et seq. But this rule has no application here. Under the issues presented, the question is whether appellees were operating in violation of the rights of appellants and consequently were engaging in the business of Common Motor Carrier.

■ The burden of stating and proving a cause of action was upon appellants, who now claim more was alleged than was necessary, and that the use of the words "unlawfully" and "wrongfully" were mere legal conclusions and that a denial presented no issue. Appellants also claimed surprise when the court admitted testimony showing that the operation of appellees was under a franchise from the city. This cannot be taken seriously, as no effort was made to delay the hearing so appellants might meet this unexpected issue.

Even if we concede, although we do not decide, that the use of the words "wrongfully" and "unlawfully" are mere conclusions, it can make no difference. In our opinion, the appellants, by tendering the aforesaid issue in their complaint, denied by appellees in their answer, namely, that appellees were operating motor busses in the transportation of passengers for hire, in violation of the rights of appellants, and, especially, in alleging that in the operation of said vehicles the appellees were engaged in the business of a. "common motor carrier" *as defined* by the New Mexico Motor Carriers' Act, assumed the burden of proving what they alleged. This they could not do without excluding appellees from the exception, and unless excluded, they are not brought within the definition of a "common motor carrier." The appellants consistently have sought escape from the burden assumed in their pleadings by claiming the allegations, although products of their own draftsmanship, are mere conclusions of the pleader. Under such circumstances we are not disposed to be too strict in differentiating allegations.

Appellants next contend that appellees operate three or more routes, and not *a fixed route* as contemplated by the statute; that appellees' operation within the city was merely a sham so arranged as to duplicate distances so the greater portion of the route operated by them would lie within the boundary of the city of Las Cruces. They base their conclusion on the fact that appellees' busses pass the intersection of Las Cruces and Main Street on three separate occasions in completing the circuit. And from the further fact that passengers at this point may transfer to other sections of the route.

We have before us a map covering the route of appellees. From it we conclude that the city of Las Cruces, apparently, is well served by appellees and that the transfer point at Las Cruces and Main Street

is for the convenience of passengers. A passenger is not compelled to transfer. He may ride the entire route or transfer at the intersection for quicker service. We find no merit in this contention.

█ The Act gave the city authority to grant the franchise and establish its route. See City of Cleveland v. Public Utilities Commission of Ohio, 130 Ohio St. 503, 200 N.E. 765; Cleveland Railway Co. v. Public Utilities Commission of Ohio, 137 Ohio St. 302, 28 N.E.2d 638.

█ In our consideration of the case we seem to find no exact definition of the words "fixed route" as used in the act. By statute, "regular route" is defined in Missouri Truck and Bus Act, Section 5720, Missouri Revised Statutes Annotated, in subsection (h) as follows:

"The term 'regular route,' when used in this article, means that portion of the public highway over which a motor carrier usually or ordinarily operates or provides motor transportation service."

Webster's Unabridged Dictionary defines the word "fixed" as: "settled; established; firm; fixed; stable;" and defines the word "regular" as: "Established; initiated; * * * customary, ordinary; normal."

We therefore conclude that the terms "regular route"; "established route"; and *fixed route,* as used in this Act, are synonymous, and that appellees were operating a fixed route as contemplated by the statute. 36 C.J.S., Fix, page 886, State v. Blair, 347 Mo. 220, 146 S.W.2d 865.

Whether the appellees were engaged in transporting passengers for hire unlawfully, or whether they were operating a fixed route, the greater portion of which lies within the municipality of Las Cruces, was a question to be determined by the trier of the facts.

█ We have examined the record, and the findings are supported by substantial evidence.

Finding no error, the judgment is affirmed, and

It is so ordered.

BRICE, C. J., and LUJAN and SADLER, J., concur.

McGHEE, J., did not participate.