# CIRCUIT COURT REPORTS.

## NEW SERIES—VOLUME VI.

CAUSES ARGUED AND DETERMINED IN THE CIRCUIT
COURTS OF OHIO.

### REMOVAL OF GOODS WITHOUT CONSENT ENDORSED ON POLICY.

[Circuit Court of Cuyahoga County.]

T. F. WALSH & CO. v. QUEEN INSURANCE COMPANY OF AMERICA.

Decided February 20, 1905.

*Fire Insurance—Removal of Goods Without Consent—Renders Policy Void—Promise of Agent to Make the Proper Entries Without Avail.*

Where goods insured "while located and contained as described herein, and not otherwise" under a standard form policy, are removed to another location without the written consent of the company to such removal indorsed upon the policy, there can be no recovery under the policy for loss by fire sustained after such removal, notwithstanding the insured notified the agent of the company of the proposed removal, and the agent said he would at-

1

tend to the matter and see that the proper entries were made so that the insurance would be preserved. *Ohio Farmers Insurance Co. v. Burget*, 17 C. C.,—, distinguished.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Error to the court of common pleas.

Plaintiff in error brought this action in the common pleas court against defendant in error to recover for a total loss by fire under a policy of insurance issued to him by the defendant company.

The petition sets forth that on March 19, 1901, he was the owner of a certain stock of merchandise located in the building No. 399 Ontario street, Cleveland, Ohio; that on said day in consideration of the premium paid by plaintiff, the defendant company insured plaintiff for one year against loss or damage by fire to the amount of $500 on said property; that on or about August 7, 1901, by permission of defendant and with its full knowledge and consent, plaintiff removed said merchandise so insured from 399 Ontario street to 373 Ontario street; that no change was thereby made increasing said risk without the consent of defendant, nor was there any fraud, intentional or constructive, on the part of the plaintiff in the removal of said goods; that on February 18, 1902, all of said insured property was totally destroyed by fire, of which plaintiff gave defendant notice and filed written proof of loss; that plaintiff complied with all the conditions of said policy, but defendant refuses to pay, etc.

The answer of the company admitting plaintiff's ownership of the property, the issuing of the policy, payment of premium, removal of the property, its destruction by fire and defendant's refusal to pay, also contains a denial of all other averments in the petition.

The second defense of the answer is as follows:

"For a second defense to the petition herein, defendant says that said contract of insurance entered into between defendant and T. F. Walsh & Co., on or about said 19th day of March, 1901, among other things contained the following provisions, to-wit:

"Queen Insurance Company of America, in consideration of six.and 25-100 dollars premium, does insure T. F. Walsh & Co., for the term of one year from the 19th day of March, 1901, at noon, to the 19th day of March, 1902, at noon, to an amount not exceeding five hundred dollars, to the following described property while located and contained as described herein, and not elsewhere, to-wit:

" 'T. F. Walsh & Co.   $500.   On stock of merchandise consisting principally of butter, eggs, cheese and other dairy products, dishes, china, glassware, store and office furniture and fixtures, including cooler, iron safe, scales, coffee mill, stoves, awning and other goods not more hazardous; all while contained in or attached to the three-story brick, gravel roof building, occupied for store and dwelling purposes, situate No. 399 Ontario street, Cleveland, Ohio.

" 'Other insurance permitted without notice until required. Gasoline stove permit attached.'   And the further provision:

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.

"Defendant further says that said T. F. Walsh & Co., on or about the 7th day of August, 1901, removed the merchandise and property covered by said contract of insurance from the premises at No. 399 Ontario street, the location of the property as named in said contract of insurance, to premises No. 373 Ontario street, contrary to the provisions of said contract, and without the consent or knowledge of this defendant; that no agreement or consent to such change of location of said property was written or endorsed upon or attached to said contract; that by reason thereof said contract of insurance has become and is null; void and of no effect."

Other defenses are pleaded in the answer, but it is not necessary to consider them here.

A reply filed by plaintiff admits the terms of the policy pleaded in the answer, and further avers:

"That prior to the removal of the subject of said contract of insurance from 399 Ontario street to 373 Ontario street the plaintiff, for the purpose of complying in all respects with the provisions of said contract of insurance, started to go to the office of defendant's agent in the city of Cleveland, Ohio, for the purpose of having the permission of said defendant endorsed and written upon his said policy; that just before reaching the office of said defendant agent and representative in Cleveland, he met said agent upon the street, and in reply to a question from said agent stated to said agent that he was intending to remove the subject of said contract of insurance from said location No. 399 Ontario street to No. 373 Ontario street and that he wanted his papers put in proper shape to preserve his insurance; that thereupon said agent took a minute of what he had stated and told him that it was unnecessary for him to go to the office; that he would attend to the matter and see that the proper entries were made so that his insurance would be preserved and that plaintiff need not bother himself any further about it; that he would attend to the matter in proper shape; that acting upon said declarations and statements of said agent of defendant, and relying and believing that said agent of defendant would make the proper entries and preserve his insurance the plaintiff took no further steps in the matter, but went on thereafter and removed the subject of said insurance from their first location to said second location. And the plaintiff says that he was misled by the acts and declarations of said defendant's agent in the premises, to his injury; that he acted in good faith and in all things attempted to conform to the requirements of said contract. That by the acts and declarations of said agent he was prevented from taking any further steps in the matter, believing any further action on his part to be unnecessary, and he says that by reason of the said acts and declarations of the defendant's agent the said defendant is estopped from asserting and claiming that the plaintiff has forfeited his insurance, and he further says that by the acts and declarations of its agent aforesaid the defendant waived a literal compliance with the requirements pleaded by it in its answer."

With these pleadings the case was called for trial, whereupon the defendant moved for judgment upon the pleadings, which motion was granted and judgment entered for it. This action by the trial court is now in this court for review.

It will be noticed that by the terms of the policy the goods were insured "while located and contained as described herein, and not otherwise" and that the policy was of the so-called standard form, providing that no officer or agent shall have power or be deemed to have waived any provisions of the policy, nor shall any privilege or permission affecting the insurance exist or be claimed by the insured unless said waiver, privilege or permission be written upon or attached to the policy.

It is conceded that when plaintiff removed his goods to a location not mentioned in the policy they ceased to be covered by the insurance, unless the company granted his permission to change their location, or assented thereto. It is conceded by the pleadings that no such permission or assent was given plaintiff by any officer or agent of the company, *in writing*, endorsed upon or attached to the policy. If, in law, an agent of the company could not waive this provision, or by his conduct estop the company from claiming the benefit of it, then the trial court was right in rendering judgment upon the pleadings.

The proposition is hardly an open question in this court. The trial court followed the ruling of this court in the case of *The Rochester German Insurance Company* v. *Mary Baldwin,* decided at the May Term, 1902, in Lorain county (unreported).

That was a case in which the insured, after the issuing of the policy, conveyed the insured property to his wife. No endorsement of the transfer of the interest was made upon the policy which was in the standard form, providing "that if there is any change in the title to the property without the consent thereto by the insurance company endorsed on the policy, the contract shall be void," and "that no agent has authority to waive the conditions of the policy." Loss by fire having accurred, the court held that the wife could not recover, Hale, J., saying:

"It has been many times held by our Supreme Court that where no restrictions are placed upon the agent, authorized to make contracts and issue policies, he may waive the conditions of the policy requiring written endorsement thereon of the consent of the company to changes made after it is issued. A waiver by such agent has frequently been sustained and poli-

cies enforced which would be void but for such waiver. But where there is a general clause in such policy, and it contains the stipulation 'That no agent has authority to waive the conditions of the policy,' the later rulings have been otherwise.''

The later rulings referred to are *Union Central Life Insurance Co.* v. *Hook,* 62 O. S., 256, a life insurance case; *Eureka Fire & Marine Insurance Co.* v. *Baldwin,* 62 O. S., 368, a fire insurance case; *Travelers Insurance Co.* v. *Myers & Co.,* 62 O. S., 529, an accident insurance case; *Assurance Co.* v. *Building Association,* 183 U. S., 208.

Counsel for plaintiff in error have cited to us the case of *Ohio Farmers Insurance Company* v. *Burget,* 17 C. C., 619, affirmed by the Supreme Court without report (46 W. L. B., 225), but an examination of the policy sued on in that case shows that it was an old form policy, and, while it contained the provision that the policy should become void unless consent in writing was endorsed upon it, in certain instances, it did not contain a provision limiting the power of the agent to waive conditions, nor the further limitation that nothing should be construed to be a waiver unless endorsed on the policy. It is unfortunate that the syllabus of that case was not prepared by the court or the judge delivering the opinion, for it goes farther than the facts in the case warrant and states a proposition of law never enunciated by this court nor involved in the case.

We conceive no greater merit in the defense of estoppel by the acts of the agent than in the defense of waiver of the conditions of the policy by him. Indeed there is less merit to it; the strongest estoppel would be his act of express waiver. The two defenses are considered as one in 62 O. S., 540.

Judgment affirmed.

*Dawley & Beecher,* for plaintiff in error.

*Kline, Tolles & Goff,* for defendant in error.