## No. 911

### TESCA v. STATE

Ohio Supreme Court
No. 17815. Decided June 19, 1923
To Appear in —— Ohio State Reports

### 225. INTOXICATING LIQUORS.

**Time of sale of intoxicating liquor need not be charged with exactness—Neither State nor defendant will be held to exactness as to time of sale.**
(For Official Syllabus, see below.)

WANAMAKER, J.

Epitomized Opinion

An affidavit was filed in the Probate Court of Licking county charging Steve Tesca with selling intoxicating liquor on Jan. 5, 1922. To this affidavit the defendant entered a plea of not guilty. The state's witnesses testified that one Boychan purchased the liquor on Jan. 5, 1922. The defendant offered testimony to show a different date for Boychan's presence in the place from the one named by the State, and offered to show what transpired on the latter date. This evidence was excluded. As Tesca was convicted, he prosecuted error. The judgment was affirmed by both the Common Pleas and Court of Appeals. In reversing the judgment of the lower courts, the Supreme Court held, in Official Syllabus, as follows:

1. In a criminal charge the exact date and time are immaterial unless in the nature of the offense exactness of time is essential. It is sufficient to prove the alleged offense at or about the time charged. See Section 13581, General Code.

2. It is the right of the State to prove the alleged criminal acts on or about the time and date formally charged; the defendant, in the presentation of his defense, has at least an equal right to depart from the exact time and date charged by the affidavit, information or indictment, or the testimony offered in support thereof.

Attorneys—Phil B. Smythe, for Tesca; H. C. Ashcraft and J. A. White and Chas. M. Earhart, for State.

## No. 912

### MURPHY v. TOLEDO (City)

### HARDING v. BOWLING GREEN (City)

Ohio Supreme Court
No. 17914, 17858. Decided June 19, 1923
To Appear in —— Ohio State Reports

### 259. MUNICIPAL LAW.

**Municipalities have power to regulate use of streets—Municipalities may make reasonable classifications of vehicular traffic in regulation of use of streets—Judgment of legislative body as to reasonable classification of vehicular traffic cannot be questioned unless unconstitutional.**

WANAMAKER, J.

Epitomized Opinion

Two separate suits were filed, one by Robert Murphy against the City of Toledo, and one by John Harding against the City of Bowling Green, to prohibit the enforcement of an ordinance. Murphy, in July, 1921, received a license to operate a jitney bus under an ordinance of the City of Toledo enacted March 21, 1921. Under this ordinance the Director of Public Safety of Toledo later issued an order prohibiting the operation of busses in certain restricted districts, agreeable to the provisions and powers provided for in the ordinance.

The license issued to Murphy granted the right to operate on the streets in question, and upon the expiration of the license Murphy applied for a new license to operate over the same route. The Director refused him a license over such street and designated a parallel street nearby upon which he might operate. Murphy refused. The Appeal Board sustained the decision of the Director and thereupon Murphy brought suit in the Common Pleas Court to restrain the enforcement of the ordinance upon the ground that it was unconstitutional. The Court of Common Pleas upheld the ordinance. The Court of Appeals held likewise. In sustaining the judgment of the lower courts the Supreme Court held:

1. Municipalities have full power to regulate the use of their own streets.

2. In such control or regulation a municipality may make any reasonable classification of vehicular traffic in the use of its streets.

3. The judgment of a legislative body as to a reasonable classification cannot be questioned, except when it is in clear conflict with some express provision of state or federal constitution.

Attorneys—Benjamin F. James and Eldon H. Young, Toledo, for Murphy; F. M. Dotson and M. S. Dodd, Toledo, for Toledo; Benjamin F. James and Eldon H. Young, for Harding; William B. James, Bowling Green, for Bowling Green.