# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

WILCOX v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8925. Decided May 14, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

CRIMINAL LAW.
(190 B4) Orally demanding, of a woman, certain monthly sums, that if she did not pay said sums he would subject her and her family to the ridicule and contempt of society, by raiding her premises and searching for intoxicating liquors, is such a menace as constitutes blackmail.

(190 I) Proof of crime, at or about the time charged, held sufficient if time is not of the essence of the offense.

Error to Common Pleas.
Judgment affirmed.

Mooney, Roth & Pollack, Cleveland, for Wilcox.

E. C. Stanton, Esq., and Jack A. Persky, Esq., Cleveland, for State.

STATEMENT OF FACTS.

The plaintiff in error was convicted in the Common Pleas on the charge of blackmail contained in an indictment returned by the grand jury of Cuyahoga Co., reading in part as follows:

"* * * orally demand of one Mary Wolinski, certain moneys in the amount and of the value of $25.00 per month * * by then and there telling her orally that if she, * * * did not pay said sums of money to Ralph Wilcox aforesaid, he, Ralph Wilcox, would subject her and her family to the ridicule or contempt of society by raiding the premises occupied by said Mary Wolinski * * * at regular intervals upon the pretext of searching for intoxicating liquors."

PER CURIAM.

Two assignments of error are urged as grounds for reversal:

First: That there was no evidence to sustain the allegations in the indictment.

Second: That there was a fatal variance between the allegations in the indictment and the proof offered to substantiate same.

In support of the first assignment of error it is pointed out that the only testimony offered to substantiate the allegation of menaces and threats, etc., contained in the indictment, is the testimony of Mary Wolinski wherein she stated that the accused said to her:

"If you will pay me twenty-five dollars a month I won't come here and I won't raid your place. If you pay me twenty-five dollars a month, I will let you alone and if not you will feel sorry."

It is argued that at most the transaction related by Mary Wolinski would indicate a solicitation of the bribe and an acquiescence thereto in order to prevent further raiding of her premises.

The section of the G. C. under which the indictment was returned is Sec. 13384.

The evidence offered by Mrs. Wolinski as to the nature of the transaction between her and the accused is not all of the evidence offered in this case. On page 24 of the record it appears that the accused told Jankowski, the detective, that he had been taking money from Mrs. Wolinski for a couple of months; that he asked Jankowski to be given a chance and allowed to go.

A menace is defined as a threat or declaration of an intention to cause evil to happen to another. It is not restricted to threats of violence to personal property nor to threats accusing a person of crime. A threat is a menace of destruction or injury to person, character or property.

In 17 O.C.C. 315, In re disbarment Proceedings v. Burke, it was held that

"No precise words are needed to convey a threat. A threat may be made by means of innuendo or suggestion, as well as by express language."

Can there by any doubt from a reading of the conversation between the accused and Mary Wolinski that the accused sought to leave a very clear impression with her as to what the consequences would be if she does not comply with his request and submit to the levy of tribute? An officer of the law is none the less guilty of soliciting a bribe merely because he used threats at the time he solicited the bribe. Likewise an officer of the law is none the less guilty of blackmail if he used menaces and threats in his demanding money, merely because his words also amount to the solicitation of a bribe.

As to the second assignment of error, plaintiff in error points out that there is a fatal variance between the indictment and the evidence offered to substantiate the same as to the time when the offense was committed. The indictment sets forth that a crime was committed on or about March 15, 1927. The evidence of the demand for money fixes the time as of April 1, 1927. Section 1381 G.C. expressly provides that an indictment shall not be invalid and the trial shall not be stayed or affected by omitting to state the time at which the offense was committed in a case in which time is not of the essence of the offense, or having stated the time imperfectly.

In Tesca v. State, 108 O.S. 287 it was held that in a criminal charge the exact date and time are immaterial, unless in the nature of the offense exactness of time is essential. It is sufficient to prove the alleged offense at or about the time charged.

Upon a perusal of the record, we are unable to disturb the judgment of conviction and the same is, therefore, affirmed.

(Sullivan, PJ., Levine and Vickery, JJ., concur.)