## State v. Duff
*[Cite as 2 AOA 567]*

*Case No. 89AP-760*
*Franklin County, (10th)*
*Decided March 29, 1990*

*R.C. 2941.08*
*Evid. R. 803(4)*

*Mr. Michael Miller, Prosecuting Attorney, and Ms. Joyce Anderson, for appellee.*

*Mr. James Kura, Public Defender, and Ms. Barbara J. Slutsky, for appellant.*

WINKLER, J.
Appellant appeals from his conviction, following a jury trial of two counts of rape, R.C. 2907.02, and two counts of gross sexual imposition, R.C. 2907.05.

This case is yet another example of the difficulty experienced by the courts in the handling of child abuse cases as recently discussed by Justice Douglas in *State* v. *Boston* (1989), 46 Ohio St. 3d 108. The appellant (who was convicted as described above) is the natural father of the victim, his daughter. At the time of the trial, the daughter was five years of age.

The sexual details of the case are particularly sordid and repulsive and need not be repeated in detail. The trial judge conducted a voir dire examination of the five year old as required and was compelled to find her incompetent to testify.

With this setting, we now address the appellant's first assignment of error, which is as follows:

"THE TRIAL COURT'S ADMISSION OF OUT-OF-COURT STATEMENTS VIOLATED APPELLANT'S RIGHTS TO CONFRONTATION AND DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

During the trial, over the continuing objections of defense counsel, a clinical psychologist, Dr. Keith Kaufman, was permitted to testify as to extremely damaging statements made to him by the young victim in this case. These statements included the alleged sexual indignities performed upon her and the identification of her father as one of the perpetrators of these acts. Dr. Kaufman was also permitted to testify as to his opinion regarding the credibility of the child. The child victim did not testify having been ruled incompetent.

Dr. Kaufman testified, as member of the Children's Hospital Abuse Team, that he had occasion to complete an evaluation of the victim to assess her credibility regarding alleged sexual abuse. He also testified that the report was submitted to a physician, Dr. Johnson, who conducted a physical examination of the victim and used report in diagnosing the victim. Dr. Kaufman testified, in his opinion, the victim gave a very credible history that suggested she was sexually abused. Dr. Kaufman then testified as to graphic statements made by the victim regarding sexual conduct between her and her father. Dr. Kaufman also testified that his first purpose in evaluating the victim was to judge her credibility and that he made no recommendation as to any treatment, as that was not the referral question.

The trial court held that Dr. Kaufman's testimony was admissible pursuant to Evid. R. 803(4). Evid. R. 803(4) states:

"Statements for Purposes of Medical Diagnosis or Treatment.

"Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character

of the cause or external source thereof as reasonably pertinent to diagnosis or treatment."

In order for a statement to be admissible pursuant to Evid. R. 803(4), the statement must be made by the patient for the purposes of medical diagnosis or treatment. Such statements are admissible only when they are reasonably pertinent to diagnosis or treatment. Furthermore, since Evid. R. 102 requires that the Rules of Evidence comply with Ohio's common law, unless the particular rule specifically states otherwise, Ohio courts are prohibited from indulging in a broad reading of Evid. R. 803(4). *Boston, supra,* at 121-124.

In this case, there is absolutely no evidence that the young victim's statements to the psychologist, Dr. Kaufmann, were made by the child for the purpose of medical diagnosis and treatment. To the contrary, Dr. Kaufman testified that the purpose of his meeting with the child victim was to judge her credibility.

Accordingly, we hold that it was error to admit the hearsay statements of the child victim as presented to the jury through Dr.Kaufman. We further find that it was prejudicial, egregious, and reversible error because of the devastating nature of the testimony and that it denied the appellant a fair trial.

There is one additional basis for reversal which stems from the testimony of Dr. Kaufman. As stated earlier, Dr. Kaufman was permitted to testify as to his opinion of the child's credibility.

This is impermissible. An expert may not testify as to the expert's opinion of the veracity of the statements of a child-declarant. *Boston, supra.* For this reason, we further find that it was reversible error to permit Dr. Kaufman to render his opinion as to the veracity of the child victim.

Accordingly, the first assignment of error is well-taken and is sustained.

In his second assignment of error, the appellant complains:

"THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A BILL OF PARTICULARS REGARDING SPECIFICITY OF THE DATES OF THE OFFENSES. THIS DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

Prior to trial, defense counsel argued that the state ailed to comply with appellant's Motion for a Bill of Particulars. The defense requested that the state specifically indicate the dates of the incidents as the indictment covered a span of almost a year. Thereafter, the trial court declined to require the prosecution to provide, with specificity, the dates of the alleged acts.

It has long been the rule in Ohio that failure to state with precision the time when an offense occurred does not render an indictment defective unless time is material element of the offense, R.C. 2941.08(B); *Tesca* v. *State* (1923), 108 Ohio St. 287. See, also, *State* v. *Madden* (1984), 15 Ohio App. 3d 130; *State v.* Gingell (1982), 7 Ohio App. 3d 364.

There is nothing in the evidence to suggest that the state did not respond in good faith here. The indictment adequately informed the appellant of the nature of the charges with all the specificity that was available.

Accordingly, the second assignment of error is not well-taken and is overruled.

In his third assignment of error, the appellant argues:

"APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THIS DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION".

The weight to be given the evidence adduced at trial and the credibility of the witnesses are primarily issues for the trier of fact. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 227 N.E. 2d 212. In reviewing such claims, an appellate court reviews the entire record and determines whether the jury clearly lost its way in resolving the conflicts in the evidence and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Tibbs* v. *Florida* (1982), 457 U.S. 31. 102 S.Ct. 2211. Although we reverse for other reasons we find that the jury did not lose its way in resolving conflicts in the evidence.

Accordingly, the third assignment of error is not well-taken and is overruled.

In view of the foregoing, appellant's second and third assignments of error are overruled. We reverse as to the first assignment of error finding that the appellant was not afforded a

fair trial and we remand this case to the Franklin County Court of Common Pleas for a new trial.

*Judgment reversed and cause remanded.*

REILLY, P.J., and McCORMAC, J., concur. WINKLER, J., of the Hamilton County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.