OPINION
{¶ 1} The appellant, Christopher Tressler, appeals the June 17, 2002 judgment entry of the Common Pleas Court, Juvenile Division, of Paulding County, Ohio, adjudicating him a delinquent.
 {¶ 2} During the summer of 2001, a series of store break-ins occurred in the City of Grover Hill, Ohio. Ross' Gas Station, owned by William Ross, and The Depot, owned by Nikki Jewell, were both subjected to these break-ins. An investigation into these incidents revealed that the perpetrators were gaining entry to these stores through broken and/or unlocked windows. Among the items taken during these break-ins were various food and beverage items, as well as cigarettes. The investigation eventually revealed that these offenses were committed by a group of teenagers.
 {¶ 3} A complaint was filed in the juvenile court against Tressler on January 31, 2002. The complaint alleged that Tressler, date of birth December 22, 1984, committed two acts on or about September 28, 2001, both of which would constitute the fifth degree felony offense of breaking and entering, in violation of R.C. 2911.13(A), if committed by an adult. On February 19, 2002, Tressler entered an answer of not true to the allegations contained in the complaint. An adjudication hearing was conducted on May 23, 2002, and continued on June 17, 2002. At the conclusion of the hearing, the court found that Tressler was a delinquent, having committed both offenses of breaking and entering. The court then sentenced him accordingly. This appeal followed, and Tressler now asserts five assignments of error.
 First Assignment of Error {¶ 4} "THE DECISION OF THE TRIAL COURT ADJUDICATING THE APPELLANT GUILTY OF TWO VIOLATIONS OF O.R.C. § 2911.13(A), "BREAKING AND ENTERING" CONSTITUTED AN ERROR AS A MATTER OF LAW BECAUSE THE STATE OF OHIO FAILED TO PROVE THAT THE STRUCTURES ALLEGEDLY TRESPASSED UPON BY THE APPELLANT WERE UNOCCUPIED STRUCTURES, AN ESSENTIAL ELEMENT OF EACH OFFENSE."
 {¶ 5} The two offenses alleged to have been committed by Tressler were breaking and entering in violation of R.C. 2911.13(A). This section states: "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense[.]" R.C. 2911.13(A). Thus, the fact that a structure is not occupied is a necessary element in proving that a defendant has committed the offense of breaking and entering.
 {¶ 6} Tressler contends that the State failed to provide evidence that the two structures at issue in this case, The Depot and Ross' Gas Station, were unoccupied. We disagree. Nikki Jewell testified that she assumed that someone was entering her store through an open window afterhours. She further testified that after she discovered the window was being left open, she told her employees to make sure that the window was locked when they closed up at night. Jewell further testified that the employees did not always realize that they should check the windows "right as they were leaving again[.]" (emphasis added). Lastly, she testified that only she and her husband had a key, as well as "an older lady that open[ed] in the morning for [her]." This testimony constituted evidence that The Depot was an unoccupied structure when the break-ins occurred because this evidence could reasonably lead to the inference that the store was closed during the night-time hours when the break-ins occurred and that no one was present during this time.
 {¶ 7} William Ross, the owner of Ross' Gas Station, testified that his store was entered through a rear overhead folding door that had been left partially open, as well as through a broken window in the store. In addition, he testified that the break-ins occurred "after hours" and that the store closed at 9:00 p.m. and opened at 7:00 a.m. Ross further testified that his wife operated the store by herself and that he usually was with her when she closed the store at night because he was "her transportation home." This testimony constituted evidence that Ross' Gas Station was an unoccupied structure when the break-ins occurred because this evidence could reasonably lead to the inference that the store was closed during the night-time hours when the break-ins occurred and that no one was present during this time. Therefore, the first assignment of error is overruled.
 Second Assignment of Error {¶ 8} "THE DECISION OF THE TRIAL COURT ADJUDICATING THE APPELLANT GUILTY OF TWO VIOLATIONS OF O.R.C. § 2911.14(A) CONSTITUTED AN ERROR AS A MATTER OF LAW BECAUSE THE STATE OF OHIO FAILED TO PROVE THAT THE APPELLANT WAS, IN FACT, LESS THAN EIGHTEEN YEARS OF AGE ON THE ALLEGED DATES OF COMMISSION OF THOSE OFFENSES."
 {¶ 9} Ohio statutory law provides that "[t]he juvenile court has exclusive original jurisdiction" over children alleged to be delinquent. R.C. 2151.23(A)(1). A child is defined as someone who is under eighteen years of age. R.C. 2151.01(B)(5). "[O]nce a trial court has properly established subject matter and personal jurisdiction over an alleged juvenile offender, additional evidence of the juvenile's age is not essential to a finding of delinquency, unless one of the elements of the adult crime alleged requires specific proof of age." In re Burton S.
(1999), 136 Ohio App.3d 386, 392.
 {¶ 10} The complaint in the case sub judice alleged that Tressler's date of birth was December 22, 1984, and that the offenses occurred on or about September 28, 2001. These dates indicate that Tressler would have been sixteen at the time of the offenses. In addition, Captain Mark Butler of the Paulding County Sheriff's Office testified that Tressler was sixteen when these offenses occurred. During cross-examination, counsel for Tressler never questioned Captain Butler about the accuracy of his testimony as to Tressler's age. In addition, at no point before or during the trial did Tressler challenge the subject matter or personal jurisdiction of the court nor has he ever asserted any allegations that he was over the age of eighteen at the time of the offenses. In fact, the record not only indicates that Tressler was under the age of eighteen when the offenses were committed but that he was still under the age of eighteen at the time the court adjudicated him a delinquent. Moreover, the offense of breaking and entering does not require specific proof of age and, thus, did not have to be proven by the State in order for the court to have found that Tressler committed these offenses and adjudicate him a delinquent accordingly. Therefore, the second assignment of error is overruled.
 Third Assignment of Error {¶ 11} "THE JUDGMENT ENTRY WHEREIN THE TRIAL COURT FOUND THE APPELLANT GUILTY OF TWO COUNTS OF O.R.C. § 2911.13(A) IS FATALLY DEFECTIVE AS A MATTER OF LAW BECAUSE THE COURT FAILED TO STATE THE STANDARD OF PROOF IT APPLIED IN ORDER TO FIND THE APPELLANT GUILTY."
 {¶ 12} Tressler contends that the trial court's adjudication of delinquency was defective because it did not state that the trial court applied a standard of proof beyond a reasonable doubt. The United States Supreme Court has held that the State must prove juvenile delinquency beyond a reasonable doubt. In re Winship (1970), 397 U.S. 358, 365-368. The record before this Court does not reveal what standard of proof was applied by the trial court during the delinquency hearing. However, in the absence of a record showing otherwise, there is a presumption of regularity in the actions of a lower court. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. Thus, without reason to believe otherwise, we must presume that the lower court applied the correct standard of proof beyond a reasonable doubt when the court adjudicated Tressler a delinquent after determining that he committed both offenses of breaking and entering as the judgment entry reflects. Therefore, the third assignment of error is overruled. However, we note that in the future the better method in adjudicating a person delinquent would be to indicate both on the record and in the judgment entry that the person was found to have committed the offense beyond a reasonable doubt.
 Fourth Assignment of Error {¶ 13} "THE DECISION OF THE TRIAL COURT FINDING THE APPELLANT GUILTY OF TWO COUNTS OF O.R.C. § 2911.13(A) IS ERRONEOUS AS A MATTER OF LAW BECAUSE THERE WAS NO PROBATIVE EVIDENCE THAT THE ALLEGED OFFENSES WERE COMMITTED AT OR NEAR THE DATE ALLEGED IN THE COMPLAINT WHICH DATE WAS SEPTEMBER 28, 2001."
 {¶ 14} As to the date of the offenses, the record reflects that the original complaint in this case alleged that the offenses occurred on or about September 28, 2001. However, at trial the State was unable to pinpoint the exact date and the evidence indicated that the exact date of the offenses were unknown because several break-ins occurred concerning the businesses throughout the summer and each occurrence was not readily apparent. In fact, both owners of the businesses testified that they did not realize that their stores were being victimized until they repeatedly noticed decreases in their inventories and that the location of items near the points of entry for the break-ins of their stores were displaced.
 {¶ 15} The State also presented the testimony of Anthony Baker. Baker indicated that Tressler came to his house sometime in August and/or September and told him that he entered Ross' through a back window and stole items such as cigarettes, pop, and chips. Tressler also told Baker that he entered The Depot through a side window and took similar items. Baker further testified that Tressler admitted to committing these acts on more than one occasion and that he actually witnessed Tressler crawl into the back window of Ross' sometime possibly in early October. Mark Butler, an investigator with the Paulding County Sheriff's Office, testified on behalf of the State that the complaints regarding the break-ins were filed by the owners of the stores on September 28, 2001. Captain Butler also testified that The Depot and Ross' were broken into several times between the months of June-October of 2001. Finally, Jeremy Stemen, who also committed various break-ins of these stores, testified that Tressler talked to him in September or October and admitted to entering both The Depot and Ross' on more than one occasion through a window and taking cigarettes and food.
 {¶ 16} Tressler testified on his own behalf. During direct examination, Tressler testified that he was at his sister's home near Defiance, Ohio, on the weekend of September 28, 2001, and did not have any means of transportation to travel anywhere that weekend until his mother came to take him home on Sunday, September 30, 2001. He further testified that he was working at a construction site all that week until he returned to Defiance on Friday, September 28, 2001. Tressler's mother also testified on his behalf and stated that she drove him to his sister's home that Friday and took him home with her that Sunday. However, she did not testify that she was with Tressler during that entire time period nor did Tressler present any alibi for that time period. Although Tressler testified that he was not in Grover Hill that weekend, he admitted to being there sometime in possibly September or October because he was dating a girl who lived in Grover Hill.
 {¶ 17} The Ohio Supreme Court has previously held that "[i]n a criminal charge the exact date and time are immaterial unless in the nature of the offense exactness of time is essential. It is sufficient to prove the alleged offense at or about the time charged." Tesca v. State
(1923), 108 Ohio St. 287, syllabus. In addition, the General Assembly has recognized the immateriality of the exactness of date and time by requiring that an indictment need only make apparent "[t]hat the offense was committed at some time prior to the time of finding of the indictment[.]" R.C. 2941.03(E). In fact, the General Assembly has determined that "[a]n indictment or information is not made invalid * * * [f]or stating the time imperfectly" or for failing to state the time at all "in a case in which time is not of the essence of the offense[.]" R.C. 2941.08(B), (C). Thus, "[a] certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not per se impermissible or necessarily fatal to a prosecution. State v. Sellards (1985), 17 Ohio St.3d 169, 171.
 {¶ 18} "If such is not fatal to an indictment, it follows that impreciseness and inexactitude of the evidence at trial is not `per se
impermissible or necessarily fatal to a prosecution.'" State v. Barnecut
(1988), 44 Ohio App.3d 149, 151, quoting State v. Robinette (Feb. 27, 1987), Morrow App. No. CA-652, 1987 WL 7153. In addition, this Court has previously held that "this rule [is not] altered by the presentation of an alibi defense." In the Matter of French (Oct. 5, 1988), Marion App. No. 9-86-26, 1988 WL 106177. Rather, "[t]he question in such cases is whether the inexactitude of temporal information truly prejudices the accused's ability fairly to defend himself." Barnecut, supra, citing Sellards,supra; State v. Gingell (1982), 7 Ohio App.3d 364, 368; State v. Kinney
(1987), 35 Ohio App.3d 84.
 {¶ 19} Time is not an essential element of the offense of breaking and entering. Although the witnesses presented by the State were unsure of exact times and dates, their testimony established that the break-ins occurred throughout the summer and into late September or early October of 2001. In addition, the inexactitude of the time did not truly prejudice Tressler's ability fairly to defend himself, especially in light of the fact that Tressler did not present an alibi defense. Accordingly, we find the evidence in this case is sufficient to establish the occurrence of these two offenses "on or about" September 28, 2001, as alleged in the complaint. The fourth assignment of error is overruled.
 Fifth Assignment of Error {¶ 20} "THE DECISION OF THE TRIAL COURT FINDING THE APPELLANT GUILTY OF TWO COUNTS OF O.R.C. § 2911.13(A) WAS AGAINST THE MANIFEST WEIGHT AND/OR SUFFICIENCY OF THE EVIDENCE."
 {¶ 21} Initially, we observe "on the trial of a case, either civil or criminal, the weight to be given the evidence and credibility of the witnesses are primarily for the trier of facts." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. "Sufficiency is a term of art meaning that the legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v.Thompkins (1997), 78 Ohio St.3d 380, 382. When a defendant challenges the sufficiency of evidence, we determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307. However, a claim that the verdict was against the manifest weight of the evidence does not mean that the evidence to convict was insufficient or inadequate. "Weight of evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." Thompkins,78 Ohio St.3d at 387.
 {¶ 22} In reviewing a claim that the conviction was against the manifest weight of the evidence, the court, considering the entire record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, paragraph three of the syllabus. Thus, "[a] court of appeals reversing the judgment of a trial court on the basis of weight of the evidence acts as a `thirteenth juror' who rejects the factfinder's resolution of the conflicting testimony." State v. Mendoza (2000), 137 Ohio App.3d 336, 347
(citations omitted). Accordingly, a judgment will be reversed on manifest weight of the evidence grounds only in exceptional cases "where the evidence weighs heavily against conviction." Id.
 {¶ 23} As noted earlier in this opinion, the offense of breaking and entering states that "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense[.]" R.C. 2911.13(A). When construing the facts in a light most favorable to the prosecution, we find that the trier of fact could have found beyond a reasonable doubt that Tressler entered The Depot and Ross' through store windows after the stores closed for the night, with purpose to take items from these stores. Moreover, in considering the entire record and weighing the credibility of the witnesses, we do not find that the trial court clearly lost its way and created such a manifest miscarriage of justice that the adjudication of delinquency must be reversed and a new trial ordered. Therefore, the fifth assignment of error is overruled.
 {¶ 24} For these reasons, the judgment of the Common Pleas Court, Juvenile Division, of Paulding County, Ohio, is affirmed.
Judgment affirmed.
 BRYANT and WALTERS, JJ., concur.